TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
District of Nevada
Nevada Bar No. 8264
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Tamer.Botros@usdoj.gov

*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Fresca Jaline TABIRAO RAMIREZ; and Thomas Earl PITTS,<br><br>Plaintiffs,<br><br>v.<br><br>Marco A. RUBIO, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-00501-JCM-EJY<br><br>**Stipulation to Extend Federal Defendants' Deadline to File a Response to Plaintiffs' Amended Complaint (ECF No. 20)**<br><br>**(Second Request)** |

Plaintiffs and Federal Defendants, by and through respective undersigned counsel, move this Court for an extension of time from up to and including **July 14, 2026**, for Federal Defendants to file a response to Plaintiffs' Amended Complaint (ECF No. 20). Undersigned AUSA has several competing deadlines, and he needs additional time to review Plaintiffs' 41-page amended complaint, to coordinate with the agencies, and to complete a response. Because of office staffing shortages, this case cannot be reassigned.

This is Federal Defendants' second request for an extension of time to respond to Plaintiffs' amended complaint; their previous request was denied without prejudice. *See* ECF Nos. 25, 26.

On July 7, 2026, the parties met and conferred in good faith regarding Federal Defendants' requested extension. Plaintiffs' counsel now stipulates to the requested extension for two main reasons. First, Federal Defendants' counsel explained the reasonable circumstances supporting the request, and those circumstances had not been

shared with Plaintiffs' counsel prior to Federal Defendants' filing of the previous motion. Second, to clarify the record, Plaintiffs' counsel had not previously asked for a "guarantee" of an adjudication within 30 days, but rather in an email had noted Plaintiffs' urgent circumstances and thus asked for "some assurance that the agencies are working toward adjudicating the J-1 waiver application." As a starting point for negotiation, Plaintiffs' counsel also asked if a 30-day timeline would be possible. Federal Defendants' counsel has now agreed to discuss Plaintiffs' requests with the agencies to see if this matter could potentially be resolved without continued litigation. Plaintiffs' counsel understands that no guarantees can be made and appreciates Federal Defendants' counsel's willingness to continue discussions in good faith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Undersigned AUSA is acting diligently in coordinating with USCIS regarding the expanded claims and allegations in Plaintiffs' amended complaint. However, because of several other competing deadlines and a heavy caseload, undersigned AUSA will need additional time to complete a response to the complaint. Without such additional time, a proper response to the complaint cannot be filed, and because of office staffing shortages,

this case cannot be reassigned. For these reasons, Federal Defendants respectfully request, and Plaintiffs agree to, an extension to **July 14, 2026**, for Federal Defendants to file their response to Plaintiffs' amended complaint (ECF No. 20).

If this stipulation for an extension of time is granted, the new deadline will be **July 14, 2026**. Given Federal Defendants' diligence, and Plaintiffs' consent, good cause exists for the extension. The parties therefore request that the Court grant this stipulation.

Respectfully submitted this 10th day of July 2026.

MURRAY OSORIO PLLC

*/s/ Courtney E. Moran*
COURTNEY E. MORAN
*California State Bar No. 288394
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
Telephone: 571-455-1915, Ext. 1267
Email: cmoran@murrayosorio.com
*Pro hac vice counsel

HARDEEP SULL
Nevada State Bar No. 12108
Sull & Associates, PLLC
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone: 702-953-9500
Email: dee@sullglobal.com

*Attorneys for Plaintiff*

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Tamer B. Botros*
TAMER B. BOTROS
Assistant United States Attorney

*Attorneys for Federal Defendants*

**IT IS SO ORDERED:**

______________________________
**U.S. DISTRICT / MAGISTRATE JUDGE**

**DATED:**______________________________