UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRESCA JALINE TABIRAO RAMIREZ, and THOMAS EARL PITTS,<br><br>Plaintiffs,<br><br>v.<br><br>MARCO A. RUBIO, in his official capacity as U.S. Secretary of State, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-00501-CDS-EJY<br><br>**ORDER** |

Before the Court is Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss Amended Complaint. ECF No. 43. The Court considered the Motion and Plaintiffs' Opposition. ECF No. 46. Defendants did not file a reply.

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554). Nonetheless, where a dispositive motion raises issues of jurisdiction, Courts in the District of Nevada often determine that staying discovery is appropriate pending resolution of this threshold issues. *See also Kabo Tools Co. v. Porauto Indus. Co.*, Case No. 2:12-cv-01859-LDG-NJK, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).

The Court's initial concern arises from Defendants' Motion, which offers no substantive argument in support of a discovery stay. ECF No. 43. Instead, Defendants state: "Federal Defendants moved to dismiss for [sic] Plaintiffs' failure to establish subject matter jurisdiction." *Id*. at 2. Defendants generally refer the Court to their Motion to Dismiss (ECF No. 31) and recite case law applicable to consideration of a discovery stay. *Id*. at 2-3. Defendants conclude, *inter alia*, the "the Court lacks subject matter jurisdiction ..." warranting a stay of discovery. *Id*. at 3.

Plaintiffs' Opposition to Defendants' Motion to Stay summarizes their response to Defendants' Motion to Dismiss. Plaintiffs argue the Court properly exercises subject matter jurisdiction based on their Administrative Procedures Act and Mandamus Act claims while asserting Defendants have unlawfully withheld and unreasonably delayed adjudication of Fresca Jaline Tabirao Ramirez's "J-1 residence waiver application." ECF No. 46 at 4. Plaintiffs contends: (1)

Defendants have a "duty to adjudicate Ms. Ramirez's J-1 residence waiver application"; (2) they have identified the regulations imposing this duty in their Opposition to the Motion to Dismiss; and (3) Defendants failed to address this argument in their Motion as well as in their Reply. *Id*. (internal citation omitted). Plaintiffs cite case law holding that "USCIS has a non-discretionary duty to adjudicate petitions within a reasonable period of time." *Id. quoting Ram v. Edlow*, Case No. 2:25-cv-01887-JNW, 2026 WL 2224709, at *2 (W.D. Wash. Aug. 3, 2026). Defendants do not respond to Plaintiffs' citation or arguments as they filed no reply in support of the Motion to Stay Discovery.

Under these circumstances, the Court is not convinced that Plaintiffs "will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603. For this reason, the Court denies the complete stay of discovery sought by Defendants.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss Amended Complaint (ECF No. 43) is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties must meet and confer regarding the scope of discovery, if any, on which they can agree. The Court strongly advises the parties to start with limited discovery focused on documents relating to the status and processing of Ms. Ramirez's residence waiver application as it is the alleged delay in adjudicating this application that is the gravamen of the claim before the Court.

IT IS FURTHER ORDERED that no later than **November 9, 2026** the parties must file either a discovery plan and scheduling order on which they agree or a joint status report providing each party's proposed discovery plan. Alternatively, the parties may request a hearing before the undersigned to discuss and ultimately address the scope of discovery appropriately conducted during the pendency of the Motion to Dismiss.

Dated this 6th day of October, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE